**DURBIN PAPER STOCK COMPANY, Petitioner,**

v.

**INTERSTATE COMMERCE COMMISSION and United States of America, Respondents,**

**Florida East Coast Railway Company et al., Intervenors.**

No. 77–1328.

United States Court of Appeals, District of Columbia Circuit.

Argued March 16, 1978.

Decided Aug. 2, 1978.

Abraham A. Diamond, Chicago, Ill., for petitioner.

Kenneth P. Kolson, Atty., I. C. C., Washington, D. C., with whom Mark L. Evans,

Gen. Counsel, and Frederick W. Read, III, Associate Gen. Counsel, I. C. C., Washington, D. C., were on the brief, for respondent I. C. C. Charles H. White, Jr., Associate Gen. Counsel, I. C. C., Washington, D. C., also entered an appearance for respondent I. C. C.

Barry Grossman and Frederic Freilicher, Attys., Dept. of Justice, Washington, D. C., entered appearances for respondent United States of America.

John W. Humes, Jr., St. Augustine, Fla., with whom Charles N. Marshall, Washington, D. C., was on the brief, for intervening railroads.

Peter S. Craig, Washington, D. C., entered an appearance for intervenor Florida East Coast Railway Co.

Before WRIGHT, Chief Judge, and SWYGERT * and LEVENTHAL, Circuit Judges.

Opinion for the court filed by J. SKELLY WRIGHT, Chief Judge.

J. SKELLY WRIGHT, Chief Judge:

Presented for our review are orders of the Interstate Commerce Commission [1] dismissing a complaint filed by petitioner against several railroads for alleged violations of Sections 1(5), 1(6), and 6(7) of the Interstate Commerce Act.[2] Petitioner is a merchant of waste paper and waste woodpulp originating at its own facilities and shipped to paper mills for recycling. Its shipments were classified by the defendant railroads under the Uniform Freight Classification tariff category for virgin "woodpulp," which commands a substantially higher rate than that imposed under the corresponding category applicable to recyclable "scrap or waste paper." In dismissing petitioner's complaint the Commission, with four Commissioners dissenting,[3] ruled that waste woodpulp was properly classified by the railroads under the pertinent tariff provisions, and that petitioner failed to show that application of such rates was otherwise unjust and unreasonable.

■ The issue we decide is limited in scope, involving a matter of tariff interpretation,[4] and does not require extended discussion. Simply stated, the interpretative issue is whether waste woodpulp is embraced by the specific tariff classification applicable to "[w]oodpulp, not powdered, noibn * * *,"[5] as found by the majority of the Commission, or by the tariff classification applicable to scrap or waste paper, which includes "paper, pulpboard or fibreboard, or * * * any article made thereof, or made of woodpulp * * * being shipped to a mill for repulping,"[6] as petition contends. At least one dissenting Commissioner[7] believed that the waste paper tariff provision was ambiguous, and therefore agreed with petitioner's subsidiary contention that the tariff should be applied to waste woodpulp under the rule that ambiguous tariff provisions must be construed strictly against the drafting carriers.[8]

---

* Of the Seventh Circuit, sitting by designation pursuant to 28 U.S.C. § 291(a) (1970).

1. Order Denying Reconsideration and Dismissing Petition (issued Feb. 14, 1977 in Docket No. 36246); Decision and Order (issued July 1, 1976 in Docket No. 36246); Initial Decision (issued March 4, 1976 in Docket No. 36246).

2. 49 U.S.C. §§ 1(5), 1(6), and 6(7) (1970).

3. Order at 2 (Chairman Stafford, Vice Chairman Clapp, and Commissioner Brown, dissenting), 3 (Commissioner O'Neal, dissenting).

4. Since tariff interpretation involves a question of law, the issue may appropriately be decided by a reviewing court. See Calcium Carbonate Co. v. Missouri Pacific R. Co., 256 F.Supp. 99 (S.D.Ill. 1966) (three-judge court); see also Brown Lumber Co. v. Louisville & Nashville R. Co., 299 U.S. 393, 57 S.Ct. 265, 81 L.Ed. 301 (1937); Great Northern R. Co. v. Merchants Elevator Co., 259 U.S. 285, 42 S.Ct. 477, 66 L.Ed. 943 (1922).

5. Uniform Freight Classification Tariff, Item 98070.

6. Uniform Freight Classification Tariff, Item 75664 Note 16½.

7. Order at 3 (Commissioner O'Neal, dissenting).

8. Calcium Carbonate Co. v. Missouri Pacific R. Co., 329 ICC 458, 462 (1967). See Union Wire Rope Corp. v. Atchison, Topeka & Santa Fe R. Co., 66 F.2d 965, 967 (8th Cir. 1933).

■ We agree that the tariff provision for waste paper is ambiguous. A reading of the provision creates a reasonable doubt as to whether waste woodpulp is "any article * * * made of woodpulp * * * [used] for repulping." As the Commission concedes, moreover, the language "made of" is reasonably susceptible of two meanings.[9] It may have been meant to encompass articles "manufactured from" woodpulp, or it may have been intended to apply to products "consisting of" woodpulp. Although waste woodpulp would fall within the provision only under the latter interpretation, both constructions consistently flow from the language employed without working an unjust or dysfunctional result. Since we find this provision to be latently ambiguous, we conclude that the Commission erred by construing it against petitioner and in favor of the railroads.

We need not address the remaining questions raised by the petition, since the Commission has indicated that it will consider them anew in its ongoing proceeding in *Ex Parte* No. 319.[10] That proceeding was the subject of our opinion in *National Ass'n of Recycling Industries, Inc. v. ICC,* 190 U.S. App.D.C. ——, 585 F.2d 522 (D.C. Cir. 1978), decided this day, and the Commission will consider those issues consistent with our decision.

The orders under review are vacated, and the case is remanded to the Commission for further proceedings.

*So ordered.*

---

**9.** Respondent's brief at 15.

**10.** Petitioner also challenged the Commission's determination that the rates applied to waste woodpulp are not unlawful, and its decision to exclude waste woodpulp from its investigation in *Ex Parte* No. 319. During the pendency of our review the Commission, by order, directed that waste woodpulp be included within its investigation. In that investigation, instituted pursuant to § 204 of the Railroad Revitalization and Regulatory Reform Act, Pub.L. No.94–210, § 204, 90 Stat. 40 (1976), the Commission will decide whether the rate structures on waste woodpulp are unjust, unreasonable, or discriminatory, and will order removal of unreasonable or unjustly discriminatory rates.